# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2221, A26A2222. KASHKA S. SCOTT v. PRECIOUS ANDERSON (two cases).

In this action for modification of custody, visitation, and child support, the trial court entered two orders on May 28, 2026. In the first, the court denied petitioner Kashka Scott's post-judgment motion to stay the release of funds held in the court registry, vacate "the enforcement portion" of a prior order holding him in contempt for failure to pay certain obligations, and direct the release of the registry funds to him. Scott's pro se direct appeal from that order has been docketed in this Court as Case No. A26A2222. In the second order, the trial court lifted a prior stay on the disbursement of the registry funds and directed the trial court clerk to disburse those funds to respondent Precious Anderson. Scott's pro se direct appeal from that order has been docketed in this Court as Case No. A26A2221. We lack jurisdiction over both appeals.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(2), (b); see *Onyemobi v. Onyemobi*, 375 Ga. App. 538, 538, 540–41 (916 SE2d 738) (2025). While direct appeals lie from orders "awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" under OCGA § 5-6-34(a)(11), the orders at issue here contain no such rulings. See *Voyles v. Voyles*, 301 Ga. 44, 46–47 (799 SE2d 160) (2017) (the issue raised on appeal governs whether an appeal must be initiated by filing an application for discretionary review). "Compliance with the

discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Scott's failure to follow the required appellate procedure deprives us of jurisdiction over these direct appeals, both of which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/02/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*